(No. 48592.—

*In re* DONALD S. FREY, Attorney, Respondent.

*Announced Sept. 23, 1976.—Opinion filed Nov. 15, 1976.*

SCHAEFER, J., took no part.

Roberts S. Bailey, of Chicago, for respondent.

John Dixon, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

MR. JUSTICE CREBS delivered the opinion of the court:

The Hearing Board of the Attorney Registration and Disciplinary Commission, after a hearing on a four-count complaint, found the respondent, Donald S. Frey, guilty of forgery, commingling, conversion, neglect and fraud, and recommended that he be disbarred. The Review Board affirmed the findings, conclusions and recommendations of the Hearing Board.

After hearing oral argument, we concurred in the recommendation and entered an order disbarring the respondent.

We will here briefly outline the reasons for our action. In the brief for respondent two issues were raised: one, that the evidence did not support a recommendation for disbarment; and, two, "that the Hearing Board's concept of relevancy resulted in a truncated trial." Our examination of the record does not reveal any undue limitation upon respondent in presenting relevant evidence.

As regards the contention that disbarment was not justified, a brief review of the evidence is necessary. In the case where respondent represented William Smith in a personal injury suit, the evidence shows that a $7,000 check was received in settlement of the claim. Respondent, without authority, endorsed Smith's purported signature, cashed the check, commingled the funds, has failed to account for any of the funds to his client, and at the time of the hearing the funds had been completely dissipated. The conduct described in the Smith case is typical of that involved in the other charges, and this conduct extended over a considerable period of time. The extent of this misconduct was the reason we entered an order of disbarment at the close of oral argument. Without discussing the other counts in detail, they also show forged endorsement, commingling and failure to account to clients for their funds collected by respondent. He was also shown to have falsely advised clients concerning the status of their litigation. These are not merely negligent acts but

are positive acts of misconduct which require disbarment.

*Respondent disbarred.*

MR. JUSTICE SCHAEFER took no part in the consideration or decision of this case.